ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>EMMANUEL SURILLO LORENZO<br><br>Peticionario | TA2026AP00125 | Apelación ***acogida como CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala de Aguadilla en Aguada<br><br>Civil Número: A1TR202500591<br><br>Sobre: Art. 7.02 Ley 22 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de abril de 2026.

Comparece ante nos el señor Emmanuel Surillo Lorenzo (parte peticionaria) mediante *Apelación* y nos solicita la revisión de una *Sentencia* emitida el 4 de noviembre de 2025 y notificada el 21 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala de Aguadilla en Aguada. Mediante el referido dictamen, el foro primario impuso varias multas tras la alegación de culpabilidad del señor Surillo Lorenzo.

Por recurrirse de una sentencia por alegación de culpabilidad, se acoge como un recurso de *Certiorari* y se conserva la identificación alfanumérica original asignada al recurso por la Secretaria del Tribunal de Apelaciones.[1]

Por los fundamentos que expondremos, se *deniega* la expedición del recurso de *certiorari*.

---

[1] La Regla 32(A) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025)*,* dispone, en lo pertinente al recurso ante nuestra consideración, que "[**e]l recurso de *certiorari* para revisar las sentencias en los casos de condena por alegación de culpabilidad** se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha en que se haya dictado la sentencia recurrida […]". (Énfasis nuestro).

**I**

Por hechos acaecidos el 14 de septiembre de 2025, se radicó una *Denuncia*[2] contra el señor Emmanuel Surillo Lorenzo por violaciones al Artículo 7.02 de la Ley Núm. 22-2000, según enmendada, mejor conocida como *Ley de Vehículos y Tránsito de Puerto Rico*, 9 LPRA sec. 5202. El referido artículo tipifica un delito menos grave, consistente en manejar un vehículo de motor bajo los efectos de bebidas embriagantes. Asimismo, se le expidió al peticionario una multa administrativa de tránsito por infringir el Artículo 14.15(b) de la Ley Núm. 22-2000, *supra*, 9 LPRA sec.5415(b), por aceleramiento innecesario del motor. Sobre este último, el 15 de septiembre de 2025, el peticionario presentó un *Recurso de Revisión de Multa Administrativa de Tránsito*.[3] Adujo que su auto era uno de transmisión manual y el aceleramiento ocurrió debido al fallo de un cambio, no de manera voluntaria.

Posteriormente, el 4 de noviembre de 2025, se llamó al caso ante el TPI al *Juicio en su Fondo*.[4] El señor Surillo Lorenzo compareció por derecho propio y, a preguntas del Tribunal, **expresó su deseo de registrar alegación de culpabilidad por el delito según imputado**. Consecuentemente, en la misma fecha, el Tribunal de Primera Instancia emitió *Sentencia*.[5] Mediante el referido dictamen, el foro primario le impuso al peticionario el pago de una multa de quinientos dólares ($500.00); el pago de una multa de cuatrocientos dólares ($400.00) por el exceso de alcohol en el organismo, y un comprobante de cien dólares ($100.00). Asimismo, el señor Surillo Lorenzo fue referido al Departamento de Transportación y Obras Públicas (DTOP), para tomar el Curso para Bebedores Sociales.

En la Minuta de la Vista en su Fondo celebrada el 4 de noviembre de 2025, se expone lo siguiente:

---

[2] Sistema Unificado de Manejo y Administración de Casos en el Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1, Apéndice 1.
[3] *Supra,* al Apéndice 5.
[4] *Id.,* al Apéndice 4.
[5] *Id.,* al Apéndice 2.

> Llamado el caso para Juicio en su Fondo, compareció el acusado por propio derecho. El Ministerio estuvo representado por Sigrid Nazario del Toro y Teishlynd Rodríguez Wiscovitch. La prueba del Pueblo NO (*sic*) estuvo presente.
>
> A preguntas del Tribunal, el acusado expresó su deseo de registrar alegación de culpabilidad por el delito según implicado.
>
> El Tribunal examinó al acusado en cuanto a la alegación de culpabilidad formulada. Luego de haberle explicado las consecuencias legales de la alegación, y siendo ésta una libre, voluntaria e inteligente, el Tribunal la aceptó y, en consecuencia, declaró al acusado CULPABLE por violación al artículo imputado.
>
> No existiendo impedimento legal alguno para el Acto de Imposición de Sentencia, el Tribunal procedió con el mismo.
>
> Se le impuso el pago de $500.00 de multa, $400.00 por el exceso de alcohol en el organismo, y un comprobante de $100.00 de la Ley 183.
>
> Fue referido a DTOP.
>
> Notificado el Ministerio en corte abierta.[6]

Por otro lado, el 18 de noviembre de 2025, se celebró la vista para el recurso de revisión de multa administrativa solicitado por el peticionario. En la misma fecha, el Tribunal de Primera Instancia emitió *Resolución Sobre Recurso de Revisión de Multa Administrativa de Tránsito*.[7] Ante la incomparecencia del agente, el foro primario declaró *Ha Lugar* el recurso solicitado. Con posterioridad, mediante *Resolución*[8] emitida el 23 de diciembre de 2025, se acreditó que el peticionario cumplió con lo ordenado por el foro primario, completando el curso en DTOP el 21 de noviembre de 2025.

El 20 de noviembre de 2025, el peticionario instó *Moción de Reconsideración,*[9] en esta ocasión a través de su representante legal. Adujo que, al estar desprovisto de representación legal en el momento que realizó alegación de culpabilidad, no conocía sus derechos para impugnar la detención inicial y para examinar los procedimientos posteriores. Por lo

---

[6] *Id.,* al Apéndice 2
[7] *Id.,* al Apéndice 5, Anejo 05.03.
[8] *Id.,* al Apéndice 3.
[9] *Supra,* al Apéndice 2, Anejo 02.01.

cual, solicitó al foro primario que declarase *Con Lugar* la reconsideración solicitada y dejase sin efecto la sentencia y/o desestimase la causa de acción.

Mediante *Resolución*[10] emitida el 23 de diciembre de 2025 y notificada el 9 de enero de 2026, el foro primario declaró *No Ha Lugar* la reconsideración solicitada. Inconforme con el dictamen, el 6 de febrero de 2026, el peticionario acude ante nos mediante *Apelación*,[11] y señala la comisión de tres errores por el foro primario, a saber:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARA NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN Y ACEPTAR LA ALEGACIÓN DE CULPABILIDAD DEL IMPUTADO SIN ESTAR DEBIDAMENTE INFORMADO.

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO CONSIDERAR EL ARGUMENTO DEL RECURRENTE EN RECONSIDERACIÓN, SOBRE LA NATURALEZA VAGA DEL ARTÍCULO 14.15 DE LA LEY DE VEHÍCULOS Y TRÁNSITO DE PUERTO RICO.

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO CONSIDERAR EL ARGUMENTO DEL RECURRENTE EN RECONSIDERACIÓN DE QUE EL AGENTE DEL ORDEN PÚBLICO NO TENÍA LOS MOTIVOS FUNDADOS REALES Y SUFICIENTES EN DERECHO QUE JUSTIFICARAN LA DETENCIÓN DE UN VEHÍCULO DE MOTOR Y LA POSTERIOR INTERVENCIÓN CON SU OCUPANTE.

El 4 de marzo de 2026, emitimos una *Resolución*[12]. Posteriormente, el 17 de marzo de 2026, compareció el Ministerio Público mediante *Escrito en Cumplimiento de Orden*.[13] Además, el señor Surillo Lorenzo presentó el 19 de marzo de 2026 una *Moción Informativa* en la cual nos solicitó permiso para someter la regrabación de la Vista del Juicio en su Fondo y le concedimos hasta el 27 de marzo de 2026 para someter la regrabación, la cual fue presentada en el término concedido. Contando con la

---

[10] *Id.*, al Anejo 02.02-02.03.
[11] SUMAC TA, a la Entrada Núm. 1.
[12] SUMAC TA, a la Entrada Núm. 3.
[13] SUMAC TA, a la Entrada Núm. 6.

comparecencia de las partes, y la regrabación de la Vista en su Fondo, procedemos a resolver.

**II**

**A.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001). Esta discreción, ha sido definida en nuestro ordenamiento jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia*, *supra*, pág. 91.

Por consiguiente, para determinar si procede la expedición de un recurso de *certiorari*, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada*, In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención.

B.

La Regla 193 de Procedimiento Criminal, 34 LPRA Ap. II, R. 193, regula lo concerniente a los recursos presentados ante el Tribunal de Apelaciones, disponiendo lo siguiente:

> Las sentencias finales dictadas en casos criminales originados en el Tribunal de Primera Instancia podrán ser apeladas por el acusado en la forma prescrita por estas reglas. En estos casos, el acusado podrá establecer una apelación para ante el Tribunal de Circuito de Apelaciones, **excepto en los casos de convicción por alegación de culpabilidad, en los cuales procederá únicamente un recurso de *certiorari*, en cuyo caso el auto será expedido por el Tribunal de Circuito de Apelaciones a su discreción**. La solicitud de *certiorari* deberá presentarse dentro de los treinta (30) días siguientes a la fecha en que la sentencia fue dictada. Este término es jurisdiccional. (Énfasis nuestro).

Por otro lado, el inciso (a) de la Regla 32 del Reglamento del Tribunal de Apelaciones, *supra*, establece lo siguiente:

> (A) El recurso *de certiorari* para revisar las sentencias en los casos de convicción por alegación de culpabilidad se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha en que se haya dictado la sentencia recurrida. Este término es jurisdiccional.

Asimismo, nuestro Tribunal Supremo ha enfatizado que "una sentencia dictada a raíz de una alegación de culpabilidad es revisable mediante un recurso de *certiorari*, librado discrecionalmente, para examinar un ataque a la suficiencia de la acusación o a la jurisdicción del tribunal

sentenciador, y para plantear alguna irregularidad en el pronunciamiento de la sentencia". *Pueblo v. Román Mártir*, 169 DPR 809, 821 (2007).

**III**

En el caso de título, el señor Surillo Lorenzo nos solicita la revisión de una Sentencia del Tribunal de Primera Instancia mediante la cual, tras registrar su alegación de culpabilidad, el foro primario le ordenó el pago de ciertas multas. Asimismo, el peticionario señaló que erró el foro primario al: declarar *No Ha Lugar* la reconsideración solicitada; aceptar su alegación de culpabilidad sin estar debidamente informado; no considerar el argumento del recurrente sobre la naturaleza vaga del Artículo 14.15 de la Ley de Vehículos y Tránsito de Puerto Rico y, no considerar el argumento sobre que el agente del orden público no tenía los motivos fundados reales y suficientes en derecho que justificaran la detención de un vehículo y la posterior intervención con su ocupante.

Como tribunal revisor, nos corresponde examinar el presente recurso al amparo de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Es norma reconocida que los foros apelativos no debemos intervenir con las determinaciones realizadas por los tribunales inferiores cuando estas se enmarquen en su discreción. A modo de excepción, podemos intervenir con estas cuando se demuestra que el Tribunal de Primera Instancia actuó con prejuicio o parcialidad, erró en la aplicación de cualquier norma procesal o que incurrió en craso abuso de discreción.

Evaluada la *Sentencia* recurrida y los trámites ante el TPI, somos del criterio que esta no cumple con los parámetros establecidos en la Regla 40, *supra*. No surge de los autos que, en el manejo del caso ante el Tribunal de Primera Instancia, se haya incurrido en un abuso de discreción o que este haya actuado bajo prejuicio o parcialidad. Igualmente, no quedó demostrado que el foro primario hubiese errado en la interpretación o aplicación de una norma procesal, o que nuestra intervención evitaría un

perjuicio sustancial contra el peticionario. Además, al escuchar la grabación, se valida lo informado en la Minuta de la Vista del Juicio.

Por consiguiente, ante la falta de abuso de discreción, parcialidad o prejuicio por el foro primario en la sentencia recurrida, y en el ejercicio de nuestra discreción, concluimos que no se justifica nuestra intervención en el asunto de referencia. A tales efectos, se deniega la expedición del auto.

**IV**

Por los fundamentos antes expuestos, se *deniega* la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones